FILED
APR 19 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL LEE SMITH,<br><br>                 Petitioner,<br><br>        v.<br><br>WILLIAM GORE,<br><br>                 Respondent. | Civil No.   11-0802 WQH (RBB)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

    Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

    Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

## **ABSTENTION**

    In addition, the Petition must be dismissed because it is clear that this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These

concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time Petitioner filed the instant Petition, he admits that he is awaiting jury trial on criminal charges in San Diego County Superior Court. (*See* Pet. at 3.) Thus Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests.

Finally, Petitioner has failed to show that he has not been afforded an adequate opportunity to raise the federal issues on direct appeal. Petitioner offers nothing to support a contention that the state courts do not provide him an adequate opportunity to raise his claims, and this Court specifically rejects such an argument. Indeed, Petitioner's claims that the prosecution presented false testimony at his preliminary hearing, his due process and fair trial rights were violated, and the prosecution withheld exculpatory evidence are just the type of claims that the state courts provide an opportunity to raise on direct appeal and abstention is therefore required.[1] *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (*Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

/ / /

/ / /

/ / /

---

[1] That Petitioner has raised his claims in a petition for writ of habeas corpus in the California Appellate and Supreme Courts, (*see* Pet. at 3), does not change the fact that direct criminal proceedings are ongoing and therefore abstention is required.

## **CONCLUSION**

For the foregoing reasons, the Petition is **DISMISSED** without prejudice. *See Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action); *Younger v. Harris*, 401 U.S. 37 (1971).

**IT IS SO ORDERED.**

DATED: 4/19/11

William Q. Hayes
United States District Judge